NO._____                      JEFFERSON CIRCUIT COURT
                                                         DIVISION _____

10CT 03962

**PHAT'S BAR & GRILL, LLC**

and

**BERT WILLIAMS, SR.**                                          **PLAINTIFFS**

and

**BERT WILLIAMS, JR.**

                                                           JEFFERSON CIRCUIT COURT
v.                                                               DIVISION EIGHT (8)

**LOUISVILLE-JEFFERSON COUNTY**
**METROPOLITAN GOVERNMENT**
d/b/a
**LOUISVILLE METRO POLICE DEPARTMENT**          **DEFENDANTS**
810 Barrett Avenue
Louisville, Kentucky 40204
         **SERVE:**      Jerry Abramson, Mayor
                           Louisville Metro Hall
                           527 West Jefferson Street
                           Louisville, KY 40202-2814

and

**DETECTIVE TIMOTHY MURPHY**
in his official and individual capacities
         **SERVE:**      Detective Timothy Murphy
                           Louisville Metro Division of Police
                           633 West Jefferson
                           Louisville, KY 40202

and

**OFFICER KEVIN SMITH**
in his official and individual capacities
         **SERVE:**      Kevin Smith
                           Louisville Metro Division of Police
                           633 West Jefferson
                           Louisville, KY 40202

and

1

**SGT. JASON LAINHART,**
in his official and individual capacities
  **SERVE:**  Jason Lainhart
        Louisville Metro Division of Police
        633 West Jefferson
        Louisville, KY 40202

and

**SGT. BUTTS,**
in his/her official and individual capacities
  **SERVE:**  Sgt. Butts
        Louisville Metro Division of Police
        633 West Jefferson
        Louisville, KY 40202

and

**MIKE ALVEY**
in his official and individual capacities
  **SERVE:**  Mike Alvey
        Louisville Metro Division of Police
        633 West Jefferson
        Louisville, KY 40202

and

**DANNY LAWLESS**
in his official and individual capacities
  **SERVE:**  Danny Lawless
        Louisville Metro Division of Police
        633 West Jefferson
        Louisville, KY 40202

and

**PAUL HARMON**
in his official and individual capacities
  **SERVE:**  Paul Harmon
        Louisville Metro Division of Police
        633 West Jefferson
        Louisville, KY 40202

and

**JASON WINSTEAD**
in his official and individual capacities
        **SERVE:**    Jason Winstead
                            Louisville Metro Division of Police
                            633 West Jefferson
                            Louisville, KY 40202

and

**SGT. ROB KAELIN**
in his official and individual capacities
        **SERVE:**    Rob Kaelin
                            Louisville Metro Division of Police
                            633 West Jefferson
                            Louisville, KY 40202

and

**DEREK JEFFERS**
in his official and individual capacities
        **SERVE:**    Derek Jeffers
                            Louisville Metro Division of Police
                            633 West Jefferson
                            Louisville, KY 40202

and

**LT. J.T. DUNCAN**
in his/her official and individual capacities
        **SERVE:**    J.T. Duncan
                            Louisville Metro Division of Police
                            633 West Jefferson
                            Louisville, KY 40202

and

**M. THOMERSON**
in his/her official and individual capacities
        **SERVE:**    M. Thomerson
                       Louisville Metro Division of Police
                       633 West Jefferson
                       Louisville, KY 40202

and

**OFFICER SALYARDS**
in his/her official and individual capacities
        **SERVE:**    Officer Salyards
                       Louisville Metro Division of Police
                       633 West Jefferson
                       Louisville, KY 40202

and

**OFFICER WILLIAMSON**
in his/her official and individual capacities
        **SERVE:**    Officer Williamson
                       Louisville Metro Division of Police
                       633 West Jefferson
                       Louisville, KY 40202

and

**OFFICER LESHER**
in his/her official and individual capacities
        **SERVE:**    Officer Lesher
                       Louisville Metro Division of Police
                       633 West Jefferson
                       Louisville, KY 40202

and

**OFFICER GARRETT**
in his/her official and individual capacities
        **SERVE:**    Officer Garrett
                       Louisville Metro Division of Police
                       633 West Jefferson
                       Louisville, KY 40202

and

**OFFICER COOMER**
in his/her official and individual capacities
    **SERVE:**    Officer Coomer
                    Louisville Metro Division of Police
                    633 West Jefferson
                    Louisville, KY 40202

and

**OFFICER ROYCE**
in his/her official and individual capacities
    **SERVE:**    Officer Royce
                    Louisville Metro Division of Police
                    633 West Jefferson
                    Louisville, KY 40202

and

**OFFICER WILLIAMS**
in his/her official and individual capacities
    **SERVE:**    Officer Williams
                    Louisville Metro Division of Police
                    633 West Jefferson
                    Louisville, KY 40202

and

**OFFICER DOWNS**
in his/her official and individual capacities
    **SERVE:**    Officer Downs
                    Louisville Metro Division of Police
                    633 West Jefferson
                    Louisville, KY 40202

and

**BRIAN WRIGHT**
in his official and individual capacities
    **SERVE:**    Brian Wright
                    Louisville Metro Division of Police
                  633 West Jefferson
                  Louisville, KY 40202

and

**WILLIAM PEARSON**
in his official and individual capacities
  **SERVE:**  William Pearson
        Louisville Metro Division of Police
        633 West Jefferson
        Louisville, KY 40202

and

**BLAINE KOHL**
  **SERVE:**  Officer Blaine Kohl
        Shelbyville Police Department
        303 Main Street
        Shelbyville, KY 40065

and

**FRANCIS GOOTEE**
  **SERVE:**  Francis Gootee
        Louisville Metro Division of Police
        633 West Jefferson
        Louisville, KY 40202

and

**UNKNOWN DEFENDANTS (JOHN DOES)**

## VERIFIED COMPLAINT

\* \* \* \* \* \* \* \* \* \* \*

### NATURE OF THE ACTION

This is an action arising under 42 U.S.C. 1983 for violations of Plaintiffs' rights under the state and federal constitutions, and an action arising under Kentucky statutory and common law, for the unlawful search and seizure and malicious prosecution of, the excessive force applied to, and the unlawful taking of property from, the Plaintiffs.

### PARTIES

1. Plaintiffs Bert Williams Sr. and Bert Williams Jr., owner of Phat's Bar & Grills, LLC are father and son, and were formerly owner and operators of Phat's Bar & Grill,, LLC (hereinafter,

6

"Phat's" or "the club"), which was located at 632 W. Broadway, Louisville, Kentucky, 40202; Phat's Bar & Grill LLC is a Kentucky Limited Liability Company located in Louisville, Jefferson County, Kentucky.

2. Plaintiffs both reside in Jefferson County, are minority business owner and/or entrepreneurs, and are involved in a number of different profit and nonprofit organizations.

3. Defendant Louisville-Jefferson County Metropolitan Government is the successor government to the merged governments of the former city of Louisville and former Jefferson County pursuant to KRS 67C.101. This entity is authorized to conduct governmental business on behalf of the citizenry of the merged city and county, is *sui generis*, and is the real party in interest to each of its included agencies, including the named Louisville Metropolitan Police Department (hereinafter, "LMPD").

4. Defendant Blaine Kohl is, upon information and belief, currently a member of the Shelbyville Police Department, but was employed by the Kentucky Office of Attorney General during the time period relevant to this Complaint.

5. Upon information and belief, all remaining named Defendants are, and were at all times relevant to this action, police officers employed by LMPD.

6. In addition, there may be additional unknown defendants (i.e., John Does) whose identity and/or responsibility for the unlawful acts set forth below may be ascertained during the course of this litigation.

### JURISDICTION AND VENUE

7. Subject matter jurisdiction over this action exists under Section 112 of the Kentucky Constitution because the amount in controversy, excluding interest, costs and attorney's fees,

exceeds the jurisdictional prerequisites of this Court.

8. Venue is proper in the Jefferson Circuit Court is proper because the Plaintiffs reside in Jefferson County, the Defendants reside and/or performed their official duties in Jefferson County, and the injuries in question occurred in Jefferson County.

## FACTS

9. On or about April 9, 2007, Plaintiffs' counsel, Douglas A. Weaver, Esq. met with Louisville Metro Deputy Mayor William Summers. This meeting was to address concerns by Plaintiffs that they had been persistently and unnecessarily harassed at their place of business (Phat's) by Louisville Metro Police, and that their civil rights were actually violated and/or were in danger of being further and systemically violated as a result.

10. On or about April 13, 2007, Mr. Weaver met with Louisville Metro Chief Robert White, Colonel Phil Turner, Major Robert Johnson, and LMPD's legal representative at the office of Chief White. In this meeting, further discussion was held regarding harassment of Phat's employees, owners and patrons by LMPD officers; these concerned officials promised to look into the matter and to end any improper conduct. Specifically, the next step was to have Colonel Phil Turner contact within three (3) days to facilitate a resolution; no such communication was ever made.

11. On April 19, 2007, Defendant LMPD Officer Kevin Smith was dispatched to Phat's, allegedly because of a "robbery" of an "individual inside." Smith attempted to enter the premises without a warrant but his entrance was questioned by Plaintiff Bert Williams, Jr., who was owner of Phat's, and present at the scene.

12. Smith shoved Plaintiff out of the way to gain entry to the club despite Williams' willingness to

8

allow him access. Smith then arrested Plaintiff Bert Williams, Jr., and charged him with Obstruction of Governmental Operations, Terroristic Threatening, Disorderly Conduct, and Alcohol Intoxication (Jefferson District Court No. 07-M-008952).

13. Officer Smith falsified information on the Uniform Citation issued in conjunction with Plaintiff's arrest.

14. The Jefferson County Attorney's office ultimately dismissed all charges against Plaintiff Bert Williams, Jr., except Obstruction of Governmental Operations. Smith's basis for this charge was that Plaintiff allegedly stood in Smith's way (i.e., "obstructed") when Smith tried to enter the club without permission and without a warrant.

15. Throughout Plaintiff Bert Williams, Jr.'s prosecution, which lasted over two years, the County Attorney's office tried to convince him to stipulate to probable cause for his arrest. Plaintiff refused, and the case went to trial in June 2009.

16. A security video from the club clearly showed that Plaintiff did not obstruct Officer Smith at all. This video was played for a jury at trial on the Obstruction of Governmental Operations charge.

17. While the charges were pending against Plaintiff Bert Williams, Jr., certain named Defendants, along with other Unknown Defendants involved in law enforcement, initiated an investigation nicknamed "Operation Purple Rain." The goal of the investigation was the permanent closure of Phat's, and to effect the prosecution of Bert Williams, Jr., as set forth above.

18. On April 18, 2008, Defendant Detective Timothy Murphy executed an affidavit and obtained a search warrant for the search of and seizure of property from Phat's.

19. The affidavit executed by Detective Murphy contained false and/or misleading information,

and/or was lacking in probable cause for the arrest of either of the named Plaintiffs.

20. On Sunday, April 20, 2008, at approximately 4:00 a.m. the morning following Thunder Over Louisville, "Operation Purple Rain" culminated in the raid by LMPD's Special Weapons And Tactics Team (SWATT) of Phat's.

21. During the course of the raid, LMPD officers, some of whom are named above, improperly and unnecessarily physically and verbally assaulted patrons and employees/contractors of the club, and used shouldered rifles to hold them at gunpoint for an unreasonable period of time.

22. Some of the employees/contractors of Phat's were restrained unnecessarily, and/or in an unreasonable manner, and/or for an unreasonable period of time, while totally or partially nude.

23. During the course of the raid, Defendants also seized and did not account for an unknown amount of cash that belonged to the Plaintiffs, believed to be in excess of Thirty Thousand Dollars ($30,000.00).

24. During the SWATT raid, Defendants attempted to shut down or otherwise tamper with the security cameras in the club so as to conceal their illegal actions, to include but not be limited to theft of property and the planting of inculpating "evidence".

25. The search and seizure of Plaintiffs' person and property was otherwise executed in an excessive and/or unreasonable manner.

26. During the April 20, 2009 raid, Plaintiff Bert Williams, Sr., was falsely arrested by Defendants and falsely charged with crimes that Defendants knew and should have known he did not commit.

27. Defendants also conducted, unnecessarily and without probable cause, separate searches of Plaintiffs' residences.

28. Officer Smith gave false testimony against Plaintiff Bert Williams, Jr., at his trial in June, 2009.

29. Plaintiff Bert Williams, Jr., was acquitted at trial on or about June 9, 2009.

30. Defendants caused the false charges against Plaintiff, Bert Williams, Sr., to be presented to a Jefferson County Grand Jury on or about June 29, 2009. The action was initiated without probable cause, intentionally and maliciously, and with the knowledge by the complaining witnesses that all or some of the charges were false.

31. On or about June 30, 2009, the Grand Jury returned a "no true bill" on all counts against Plaintiff, Bert Williams, Sr.

32. Upon information and belief, the laws supposedly enforced by Defendants in their arrest and prosecution of Plaintiffs were enforced in an arbitrary manner, and/or in a manner that subjects them to unconstitutionally different treatment as compared to other similarly situated business owners in the Commonwealth of Kentucky.

## CAUSES OF ACTION

### FALSE ARREST/MALICIOUS PROSECUTION

33. The above facts constitute malicious prosecution and false arrest under Kentucky law and under the state and federal constitutions, and under Kentucky common law.

34. The actions of the Defendant Kevin Smith in arresting and in initiating and continuing the prosecution against the Plaintiff, Bert Williams, Jr. was done maliciously, intentionally, and wantonly.

35. The actions of the Defendants Murphy, Kohl, Gootee, Wright, and Pearson in arresting and in initiating and continuing the prosecution against the Plaintiff, Bert Williams, Sr. was done maliciously, intentionally, and wantonly.

36. As a result of the actions of the Defendants, the Plaintiffs suffered damages in their business as well as suffering embarrassment, humiliation and mental anguish.

37. The malicious acts of the Defendants were done with reckless disregard for the truth and/or actual knowledge of the falsity of the charges.

## CONVERSION

38. In executing the search warrant on the club, Defendants knowingly seized a large sum of cash and other articles of personalty that did not pertain to their investigation, with the intention of depriving Plaintiffs of all substantial value thereof.

39. The aforementioned items and cash were not accounted for or documented pursuant to LMPD procedures and policies, and Plaintiff believes that the items were kept by a Defendant or Defendants for their personal use and enjoyment.

40. Accordingly, Defendants are liable to Plaintiffs for conversion.

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. Defendants intentionally and/or negligently inflicted severe emotional distress upon Plaintiffs under the common law of Kentucky.

## LIABILITY UNDER KRS 446.070

42. In addition, Defendants' actions violated portions of the Kentucky penal code, including but not limited to the following:

   a) Official misconduct (KRS 522.020-.030);

   b) Theft by unlawful taking (KRS 514.030);

   c) Theft by deception (KRS 514.040);

   d) Assault (KRS 508.030);

   e) Perjury (KRS 523.020);

    f) Tampering with physical evidence (KRS 524.100).

43. Said actions entitle Plaintiffs to damages under KRS 446.070.

### TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP/PROSPECTIVE ADVANTAGE/CONTRACTUAL RELATIONSHIP

44. Defendants, acting severally or in concert, initiated the actions above with the intention of shutting down Phat's and making it impossible for Plaintiffs to continue to do business.

45. Plaintiffs were in fact forced to discontinue the operation of the club following the April 20, 2008 raid and their own prosecutions.

46. As a result of Defendants' actions, Plaintiffs have suffered substantial losses in earning, as well as damage to goodwill and other economic and non-economic damages.

### ADDITIONAL CONSTITUTIONAL VIOLATIONS

47. In addition, and by virtue of the events described above, Defendants knowingly, willfully and/or maliciously:

    a) Violated the Williams's clearly-established rights under the United States and Kentucky Constitutions, specifically but not limited to the prohibition of unreasonable searches and seizures, the Equal Protection guarantees, and the Due Process guarantees, of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and analogous provisions in the Kentucky Constitution);

    b) Unreasonably and unjustifiably seized the personal property of the Williams.

    c) Subjected the Williams to excessive and unreasonable force;

    d) Violated the clearly-established standards and protocols of their profession;

    e) Deprived the Williams of their substantive and procedural due process rights;

    f) Violated the Williams' right to privacy as guaranteed by the state and federal constitutions,

and the common law;

    g) Denied the Williams equal protection of the law as guaranteed by the state and federal constitutions;

    h) Conspired to violate the Plaintiffs' constitutional rights in violation of 42 U.S.C. § 1985.

48. In addition or alternatively, the Defendants acted pursuant to an unconstitutional and/or otherwise illegal policy, custom, or practice.

49. In addition or alternatively, the Defendants were not properly trained as to the proper method to conduct searches and seizures of property and persons, or to otherwise perform their duties as law enforcement officials.

50. In addition or alternatively, Defendant LMPD has violated the separation of powers doctrine in the state and federal constitutions, and/or otherwise violated the United States Constitution by exercising powers reserved to Congress in Article I, including but not limited to:

    a) raising and supporting armies;

    b) making rules for the regulation of land armed forces;

    c) calling forth a militia to execute laws of the union.

## PUNITIVE DAMAGES

51. As described above, Defendants were malicious, negligent, oppressive, wanton, reckless, and/or grossly negligent in their treatment of the Williams, thereby entitling Plaintiffs to punitive damages for all violations, constitutional and otherwise, set forth above.

**WHEREFORE**, the Plaintiffs respectfully demands as follows:

1. An award of compensatory damages against the named Defendants jointly and severally for the

lost wages, lost business opportunities, lost goodwill and reputation value, embarrassment, humiliation, and mental anguish suffered by the Plaintiffs, all according to proof;

2. Punitive damages for the Defendants' conduct as the Jury may so award;

3. Injunctive relief;

4. Trial by jury on any and all issues so triable;

5. Attorney's fees and expenses incurred herein and the costs of this action; as the law may permit; and

6. Any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

DANIEL J. CANON
CLAY FREDERICK ADAMS, PLC
462 S. 4th Street
Meidinger Tower, Suite 1730
(502) 561-2005
dan@tclaylaw.com

J. FOX DEMOISEY
DeMoisey Law Office, PLLC
905 Baxter Avenue
Louisville, KY 40204-2046
(502) 585-5500
fox@demoiseylaw.com

COUNSEL FOR PLAINTIFFS

## VERIFICATION

I, Bert Williams, Sr., state that I have read the foregoing Verified Complaint and the statements contained therein are true to the best of my knowledge and belief.

_Bert Williams, Sr._
BERT WILLIAMS, SR.

Subscribed and sworn to before me by Bert Williams, Sr. this 7th day of June, 2010.

My commission expires: 4/15/12

_____
NOTARY PUBLIC, KY STATE AT LARGE

## VERIFICATION

I, Bert Williams, Jr., state that I have read the foregoing Verified Complaint and the statements contained therein are true to the best of my knowledge and belief.

_Bert Williams, Jr._
BERT WILLIAMS, JR.

Subscribed and sworn to before me by Bert Williams, Sr. this 7th day of June, 2010.

My commission expires: 4/15/12

_____
NOTARY PUBLIC, KY STATE AT LARGE