UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-491-H

PHAT'S BAR & GRILL, INC., et al.                                PLAINTIFFS

V.

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs' complaint arises from a series of events involving Phat's Bar & Grill and its two owners. In a Memorandum Opinion dated February 8, 2011, the Court dismissed all claims against Louisville Metro, except the federal and state law claims for malicious prosecution. The Court also dismissed all other federal claims against the individual Defendants. Therefore, the remaining claims are those under state law for conversion, intentional infliction of emotional distress, tortious interference with business relations and under KRS 446.070. Plaintiffs assert these claims against each of the twenty-four (24) individual police officer Defendants. The state and federal malicious prosecution claims remain as well against all Defendants.

In the pending motion, one of those Defendants, Kevin Smith, has moved to dismiss the claims against him. The Court will address his motion and the extent to which a resolution may have general application.

Defendant Smith has asserted several valid reasons why the conversion claim against him should be dismissed. First, he was not present during the April 20, 2008, search and seizure which is the foundation for the claim. Second, the complaint was filed after the expiration of the two-year statute of limitations. *See* KRS 413.125. The evidence is that Plaintiffs were aware of

the alleged loss of $30,000 soon after the search.  Plaintiffs have not asserted any reason for tolling or extending the statute.  Consequently, the statute of limitations appears to bar all claims for conversion.  These claims must be dismissed in their entirety.

Defendant has asserted equally sound reasons for dismissal of Plaintiffs' claims for intentional infliction of emotional distress.  Kentucky courts have viewed the tort as a "gap filler."  *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298-99 (Ky. App. 1993).  Judges in the Eastern and Western District has held that this rule apply where a plaintiff has asserted a state law claim for malicious prosecution.  *See Carter v. Porter*, 617 F.Supp.2d 514, 520 (E.D. Ky. 2008); *Fultz v. Whittaker*, 261 F.Supp.2d 767, 784 (W.D.Ky. 2003).  Applying this rule requires dismissal of these claims in their entirety.

The Court is not certain that the tort of intentional interference with business relations fits in these circumstances.  Regardless, there does not appear to be any evidence or suggestion that Smith, who participated only in the initial search, was involved in an interference with Plaintiffs' business.  Therefore, this claim against Smith is dismissed.

Plaintiffs' other remaining claims are those founded on KRS 446.070, which establishes civil causes of action for the violation of certain criminal statutes.  Plaintiffs assert claims under this statute for theft by unlawful taking (KRS 514.030), theft by deception (KRS 514.040), assault (KRS 523.030), perjury (KRS 523.020) and tampering with physical evidence (KRS 524.100).  The assault, perjury and tampering claims appear to be governed by the one-year statute of limitation contained in KRS 413.140(1)(a).  This limitation would bar these claims against Smith and all other individual Defendants.  The theft charges appear to be governed by either the one-year limitation in KRS 413.140(i) and (j) or the two-year limitation in KRS

413.125. Because the alleged theft occurred on April 20, 2008, either limitation bars the claims. Therefore, the claims against all of the individual Defendants deriving from KRS 446.070 must be dismissed.

As a consequence of this Memorandum Opinion, the only remaining claims are under state law for malicious prosecution against all the individual Defendants, the § 1983 malicious prosecution claims against Louisville Metro and the individual Defendants, and the intentional interference with business relations claim against the remaining individual Defendants.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' state law conversion and intentional infliction of emotional distress claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs' claim against Smith for intentional interference with business relations is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that all Plaintiffs' claims under KRS 446.070 are DISMISSED WITH PREJUDICE.

Any individual Defendant who believes that he should be dismissed from the remaining claims should so move no later than **November 1, 2011.**


cc:     Counsel of Record