UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-00491-H

PHAT'S BAR & GRILL, LLC, ET AL.                                              PLAINTIFFS

V.

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT, ET AL.                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Phat's Bar and Grill ("Phat's") and its father-and-son owners, Bert Williams, Sr. and Bert Williams, Jr., filed this action against Louisville-Jefferson County Metro Government ("Metro Government") and 24 of its individual police officers. At this stage of litigation, the only claims remaining against the individual officers are malicious prosecution, conversion, intentional infliction of emotional distress, and tortious interference with business relations. Only Plaintiffs' malicious prosecution claim remains pending against Metro Government.

Now before the Court are two summary judgment motions filed by Defendants Lieutenant J.T. Duncan and Officer Kevin Smith ("Individual Defendants"). Plaintiffs have moved to strike both motions or hold them in abeyance pending completion of discovery. Plaintiffs have also moved for an extension of the discovery deadline. These motions are ripe for determination. For the reasons that follow, the Court will remand Defendants' Motions for Summary Judgment pending the completion of discovery, and Plaintiffs' Motion for Extension of Time to Complete Discovery will be sustained.

Discovery in this case was not scheduled to be completed until March 15, 2012. In the

Court's previous Memorandum Opinion dated September 23, 2011, it directed any "individual defendant who believes that he should be dismissed from the remaining claims" to motion the Court accordingly no later than November 1, 2011.  The Court expected that Individual Defendants wishing to file motions to dismiss for failure to state a claim would do so by this deadline because discovery would still be occurring.  However, Individual Defendants Duncan and Smith moved for summary judgment on November 1, 2011.

Since motions for summary judgment are decided by evaluating issues of material fact, they should not be considered until all discovery is completed.  *Rushing v. Flerlage Marine Co.*, No. 3:08–CV-531-JDM, 2010 WL 3620166, at *2 (W.D. Ky. Sep. 8, 2010).  Individual Defendants filed their motions in November, more than three months before discovery closed.  During that time, a genuine issue of material fact still could have arisen.  For this reason, the Court agrees with Plaintiffs that Defendants' motions were filed prematurely and should be held in abeyance until discovery is completed.  The Court also recognizes that briefing and responding to the pending summary judgment motions may have interrupted the parties' completion of discovery.  Therefore, the deadlines for discovery and filings of new dispositive motions should be extended.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Strike Defendants' Motions for Summary Judgment or Hold Them in Abeyance is DENIED.

IT IS FURTHER ORDERED that Defendants' Motions for Summary Judgment is REMANDED pending the close of discovery.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Extension of Time to Complete

Discovery is SUSTAINED and it is therefore ORDERED that:

1) The deadline for all discovery is extended to July 13, 2012. The Court will not grant any additional deadline extensions.

2) Responses to currently pending dispositive motions will be due 20 days after the close of discovery.

3) The deadline for filing new dispositive motions will be Friday, August 31, 2012.

cc: Counsel of Record