UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-00491-H

PHAT'S BAR & GRILL, INC., et al.,                                           PLAINTIFFS

V.

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT, et al.,                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case arises out of the arrests of Plaintiffs Bert Williams, Jr. and Bert Williams, Sr., and the police raids of their jointly owned business, Plaintiff Phat's Bar & Grill, LLC (collectively, "Plaintiffs"). A number of motions are presently pending before this Court, the disposition of some of which may depend on whether Plaintiffs' Affidavit of Attorney Douglas Weaver ("Weaver Affidavit") should be stricken from the record.

Defendants Kevin Smith and Louisville Jefferson County Metro Government ("Louisville Metro") have separately moved to strike the particular affidavit on grounds that the affiant was not included in Plaintiffs' Federal Rule of Civil Procedure 26 witness disclosures. In the alternative, Defendants argue that portions of the statements contained in the affidavit do not comply with the requirements of Federal Rule of Civil Procedure 56, and those portions should be stricken from the record. For the reasons that follow, the Court will deny Defendants' motions to strike the entire affidavit, but sustain Defendants' motions to strike specific portions of the affidavit.

I.

Phat's Bar & Grill is a so-called gentlemen's club. According to Plaintiffs Williams, Jr. and Williams, Sr., Louisville Metro Police Officers visited Phat's Bar & Grill on several occasions over a number of years, and would often require customers to show identification and question employees on various issues. Plaintiffs contend that as a result of this frequent interaction with the police, they sought legal advice as to how to ensure their relationship with Louisville Metro did not interfere with the operation of their lawful business. In some form, Plaintiffs retained the assistance of Attorney Douglas Weaver, who conducted investigations into Phat's Bar & Grill and consulted with Williams, Jr. and Williams, Sr. on their rights and responsibilities as owners of a night club in downtown Louisville. In furtherance of Plaintiffs' goal of complying with the law and maintaining a positive relationship with the Louisville Metro law enforcement, Weaver met twice with Louisville Metro representatives, including the Deputy Mayor and Louisville Metro Police Chief. He also wrote correspondence with Louisville Metro officials.

When Williams, Jr. was arrested on a number of charges by Police Officer Kevin Smith, Weaver represented Williams in the early stages of the prosecution. He represented Williams, Jr. during meetings with the police and wrote and filed some pleadings with the state court. A tax attorney by trade, Weaver handed over representation to Attorney J. Fox DeMoisey at some point during the two-year trial that ensued. During Williams, Jr.'s trial, Weaver testified on behalf of his former client. In the Complaint initiating this civil litigation, Plaintiffs explained Weaver's participation in Plaintiffs' early dealings with Louisville Metro. In subsequent briefs filed with this Court, Plaintiffs again mentioned Weaver's role in the underlying state court action and prior dealings with Louisville Metro Police.

Nevertheless, Plaintiffs failed to disclose Weaver on their Rule 26 witness disclosure list. Plaintiffs then attached Weaver's affidavit to its Response to Defendant Smith's Motion for Summary Judgment. The case was filed on June 7, 2010, and Defendant Smith filed his Motion for Summary Judgment on November 1, 2011. The motion was remanded from the docket pending the completion of discovery, which allowed Plaintiffs to delay the filing of their Response until September 6, 2012. Defendants argue that Plaintiffs have had over two years to disclose Weaver as a witness, but failed to do so as required under Rule 26. Moreover, Defendants argue that some statements within the affidavit are conclusory statements and devoid of factual support, which should be stricken from the record under Rule 56. The Court will address each argument separately.

II.

According to Rule 26, "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A). The parties must make these disclosures within 14 days of the parties' Rule 26(f) conference unless the court sets a different schedule. FED. R. CIV. P. 26(a)(1)(C). Pursuant to Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Defendants argue that this Court should use its Rule 37 sanctioning power to strike Weaver's affidavit from the record. Plaintiffs counter that the omission of Weaver from their

3

witness disclosure sheet was an unintentional oversight that is harmless to the parties involved. Although Defendants' arguments are sound, this Court agrees with Plaintiff.

While it is true that Plaintiffs have had ample time since the case began to disclose their intention to use Weaver to provide evidence, the Court finds that Defendants have been well aware of Weaver's involvement in this case from its onset.  It is clear from the record that Weaver was instrumental in the early stages of Williams, Jr. and William, Sr.'s legal defense as evidenced in the sections of the Complaint and other briefs that mention his name and explain his involvement. Defendants were also no doubt aware of Weaver's testimony during Williams, Jr.'s trial.  It should be noted that this Court is reluctant to make such a ruling, because adhering to a strict construction of Rule 37(c) is vital to the integrity of the discovery system.  However, where in this case, Defendants have been aware of the witness' identity and subjects of the information he possesses, the Court finds the omission of Weaver from the Rule 26 disclosure list to be harmless.  Therefore, the Court will not strike the entire affidavit of Weaver from the record.

### III.

Defendants also argue that the contents of Weaver's affidavit violate Rule 56.  According to Rule 56, the statements contained within an affidavit must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  FED. R. CIV. P. 56(c)(4).  Thus, "[a]ffidavits based on mere 'information and belief,' as opposed to facts the affiant *knows* to be true, are not proper." *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007).  "'It is well settled that courts should disregard conclusions of law (or "ultimate fact") found in affidavits' submitted for summary judgment."  *Harrah's Entm't, Inc. v. Ace Am. Ins. Co.*, 100 F. App'x 387, 394 (6th Cir.

4

2004)(quoting *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641, 643 (6th Cir. 2002)). Where the party fails to provide adequate support, the judge may issue an appropriate order to address the problem. FED. R. CIV. P. 56(e)(4).

Defendants point to three specific portions of the Weaver Affidavit as unsupported:

(a) Paragraph 5: "During the time I represented Bert Williams, Jr., I came into possession of video evidence showing his arrest on April 19, 2007 – <u>which, to my recollection, clearly showed the charges against my client should be dismissed</u>."

(b) Paragraph 8: "It became clear throughout my representation of Bert Williams, Jr. that Mr. Golden was not making the decision to pursue the above referenced 'Obstruction' charge against my client based upon the merits of the case, and without a stipulation of probable cause and Smith's agreement, the remaining charge would not be dismissed."

(c) Paragraph 9: "In addition to those statements, it otherwise became apparent throughout my representation of Mr. Williams, Jr. that Mr. Golden was agreeable to and desired to dismiss the remaining charge of 'Obstruction of Governmental Operations' against my client, but that Officer Kevin Smith would not agree to or allow such a dismissal without a stipulation of probable cause."

The Court agrees that the underlined portion of Paragraph 5 and the entirety of Paragraphs 8 and 9 are conclusory statements unsupported by specific facts. The language "it became clear" and "it otherwise became apparent" support this conclusion, particularly because the affiant fails to explain how it became clear or apparent that these situations arose. These are precisely the type of statements Rule 56 prohibits.

Being otherwise sufficiently advised,

5

IT IS HEREBY ORDERED that Defendants' Motion to Strike the affidavit of Attorney Douglas Weaver is DENIED.

IT IS FURTHERED ORDERED that Defendants' Motion to Strike portions of the affidavit of Attorney Douglas Weaver is SUSTAINED, and the portion of Paragraph 5 reading "which, to my recollection, clearly showed the charges against my client should be dismissed" and the entirety of Paragraphs 8 and 9 should be stricken from the record.

The Court will address the remaining pending motions in due course.

cc: Counsel of Record