UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-00491-H

| | |
|---|---|
| PHAT'S BAR & GRILL, LLC, et al., | PLAINTIFFS |
| V. | |
| LOUISVILLE JEFFERSON COUNTY METRO GOVERNMENT, et al., | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Bert Williams, Jr., Bert Williams, Sr., and Phat's Bar & Grill, LLC, filed this action to assert various federal and state law claims against Louisville Jefferson County Metro Government ("Louisville Metro") and a number of its officers (collectively, "Defendants") for injuries arising out of the arrests of Williams, Jr. and Williams, Sr. and the raid of Phat's Bar & Grill. Over a series of orders, this Court dismissed all claims against Louisville Metro except for federal malicious prosecution and all claims against Officer Kevin Smith except for state and federal malicious prosecution. As to the remaining defendants, three claims persist: (1) malicious prosecution under Kentucky law; (2) malicious prosecution under federal law; and (3) tortious interference with a business/contractual relationship or prospective advantage. The Court now addresses two Motions for Summary Judgment on these remaining claims. For the reasons that follow, the Court will grant the motions.

I.

1

Williams, Jr. and Williams, Sr. were co-owners of Phat's Bar & Grill, an adult entertainment establishment that is no longer in business.[1] The relevant facts begin on April 20, 2008, when several Louisville Metro Police Department ("LMPD") officers, including members of an LMPD SWAT Team, raided Phat's, effectuating what had been nicknamed Operation Purple Rain. Operation Purple Rain was essentially an investigation into the conduct of the patrons and employees at Phat's. During the raid, Officer William Pearson, a SWAT Team member who was the first to enter Phat's, initially moved to the DJ room. Inside the DJ room, Officer Pearson and his partner shined a light on an individual inside, who either was already sitting on the couch or sat onto the couch upon Pearson's entrance. Pearson spotted the individual place something inside the cushion of the couch, which turned out to be a crack pipe. Pearson's partner handcuffed the individual.

During the raid, the LMPD arrested some Phat's patrons and employees, including Williams, Sr. Police charged him with (1) illegal use or possession of drug paraphernalia, (2) tampering with physical evidence, and (3) evasion of payment of tax. The first two charges apparently arose out of the police allegedly misidentifying the individual in the DJ room as Williams, Sr. The citation listing the charges named Officer Pearson as a witness, and somewhere on the citation also listed the last names and badge numbers of two other officers who participated in the raid, Officers Francis Gootee and Brian Wright. In the subsequent criminal case against Williams, Sr., the prosecution named all three of these men as complaining witnesses.

On October 21, 2008, Officer Pearson appeared at Williams, Sr.'s probable cause hearing

---

[1] In its prior Memorandum Opinions, this Court thoroughly explained the factual context surrounding and including the arrest of Williams, Jr. on April 19, 2007, an event that predates the scope of the present motion.

2

and named him as the individual in the DJ room. He based this testimony on a review of the arrest citation allegedly prepared by Det. Timothy Murphy, who was the lead detective on Operation Purple Rain[2], and the case jacket. Officer Pearson never personally identified the individual in the DJ room and instead relied on representations from other police officers and assumptions he drew from the case file. On the second day of his deposition for this case, Officer Pearson discovered that this identification was incorrect. Plaintiffs argue that Officer Pearson's misidentification was problematic because the government had been in possession of video tape evidence taken from Phat's security cameras that proved the person in the DJ Room was not Williams, Sr.

As a result of the probable cause hearing, the government was able to submit Williams, Sr.'s case to the Grand Jury, which returned a "No True Bill" as to all charges on June 30, 2009. Shortly before the Grand Jury rendered this decision, Phat's surrendered its liquor license at or around the time of a Kentucky Alcohol Beverage Control ("ABC") Board hearing on May 13, 2009. Plaintiffs claim that they were forced to surrender the license at the urging of the ABC due to the pending criminal charges against both Williams, Jr. and Williams, Sr. Further, Plaintiffs argue that because they could no longer serve alcohol at Phat's, they were forced to close the establishment. Plaintiffs surmise that this was the ultimate goal of Operation Purple Rain.

Plaintiffs sued the Louisville Jefferson County Metro Government and several police officers involved in the 2008 raid on Phat's for various state and federal law violations. Two motions for summary judgment are presently before the Court. Lieutenant J.T. Duncan, a LMPD police officer apparently involved with the Phat's raid, brings the first. The following twenty police officers named

---

[2]Detective Murphy was named in the Complaint, but the Plaintiffs never served him. As a result, Det. Murphy is not presently before the Court.

in the Complaint bring the second: Officer Mike Alvey, Sgt. Butts, Officer Robert Coomer, Officer Kristen Downs, Officer Juan Garrett, Officer Francis Gootee, Officer Paul Harmon, Officer Derek Jeffers, Sgt. Rob Kaelin, Sgt. Jason Lainhart, Officer Danny Lawless, Officer Jonathan Lesher, Officer William Pearson, Officer Royce, Officer Stan Salyards, Officer M. Thomerson, Officer Williams, Officer Williamson, Officer Jason Winstead, and Officer Brian Wright (collectively, "Twenty Officer Defendants").

Pursuant to Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of proving that the nonmoving party has presented no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied this burden, the nonmoving party bears the burden of proving the existence of a disputed factual element upon which the nonmoving party bears the burden of proof at trial. *Id.* This Court finds that the Plaintiffs are unable to overcome Defendants' evidence of an absence of a genuine issue of material fact as to any element essential to the Plaintiffs' claims.

II.

Defendant Lt. J.T. Duncan moved for summary judgment on all remaining claims against him. He argues that Plaintiffs have failed to allege any factual allegations against him personally that support any of the claims that remain. In their Response, Plaintiffs agreed that they do not have sufficient evidence to pursue these claims against Lt. Duncan. Accordingly, the Court will grant Lt. Duncan's motion for summary judgment on all remaining claims against him.

III.

The Twenty Officer Defendants are the remaining Police Officer Defendants named in the Complaint against whom the state and federal malicious prosecution and tortious interference claims persist.  The Defendants first argue that because the Plaintiffs only deposed two of the Twenty Officers, Officer Williams Pearson and Officer Robert Coomer[3], the Defendants only mean to pursue these claims against those two officers.  Plaintiffs disagree.  As to the malicious prosecution claims, Plaintiffs named Officers Pearson, Gootee and Wright in the specific factual allegations underpinning the claim in their Complaint.  Therefore, Plaintiffs seek to pursue the malicious prosecution claims against those three officers.  Plaintiffs also state that they are suing all Twenty Officer Defendants on the tortious interference claims.  Assuming that Plaintiffs have pled sufficient information to pursue these claims as they argue, the Court will address both claims separately.

A.

Plaintiffs brought a state and federal malicious prosecution claim against Officers Pearson, Gootee and Wright.  In Kentucky, plaintiffs must establish the following six elements to prove a malicious prosecution claim:

> They are: (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the [defendant], (3) the termination of such proceedings in [plaintiff's] favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981).  Under federal law, a plaintiff must prove the following four elements:

---

[3]Officer Coomer apparently handled the drug-sniffing K-9 dog during the raid on Phat's and made some entries into the evidence log resulting from the raid.

> First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute. Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution. Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (internal citations and quotations omitted).

Both state and federal malicious prosecution claims require the defendant to initiate or participate in the prosecution. Under Kentucky law, this means that the defendant must have "put[] the law in motion against the plaintiff." *Johnson v. Baker*, 2009 WL 2139279, at *3 (W.D. Ky. July 16, 2009)(quoting *Cravens v. Long*, 257 S.W.2d 548, 549 (Ky. 1953)). Under federal law, the police officer defendant is an appropriately operative actor for a malicious prosecution claim where the defendant aided in the prosecution. *Sykes*, 625 F.3d at 309 n.5 ("To be liable for 'participating' in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating."). However, the officer need not have made the ultimate decision to prosecute. *Id.* at 311.

Here, Plaintiffs have presented no evidence that these three defendants made, participated in, or influenced the decision to prosecute. As to Officers Gootee and Wright, the fact that their names were listed somewhere on Williams, Sr.'s citation and on the complaining witness list provides no evidence that these officers participated in the prosecution of Williams, Sr. Plaintiffs have only shown that these officers were present during the SWAT Team raid of Phat's and may have borne witness to Williams, Sr.'s actual arrest. They have failed to provide any other facts that relates Officers Gootee and Wright to Williams, Sr.'s prosecution.

Plaintiffs argue that Officer Pearson's apparently false testimony at the probable cause hearing shows that Officer Pearson participated in the prosecution. Defendants argue that Officer Pearson's misidentification was innocent. Plaintiffs present no evidence to the contrary. The fact that a police officer misidentified an individual in his probable cause hearing testimony does not lead to the inference that the officer participated in the furthering of Williams, Sr.'s prosecution without probable cause. With more evidence, perhaps the Plaintiffs could succeed on this claim, but in over two years of discovery and arguments, the Plaintiffs have only made bare allegations to this end. Therefore, Plaintiffs have presented no *genuine* issue of material fact warranting submission of these malicious prosecution claims to the jury.

B.

Under Kentucky law, a tortious interference with business relations claim requires plaintiffs to prove the following: (1) the existence of a contract between the plaintiff and a third party; (2) defendant's knowledge of the contract; (3) that defendant intended to cause a breach of the contract; (4) that the third party breached the contract; (5) the breach resulted in damages to the plaintiff; and (6) the defendant held no privilege or justification to excuse its conduct. *Ventas, Inc. v. Health Care Prop. Investors, Inc.*, 635 F.Supp. 2d 612, 618-19 (W.D. Ky. 2009). Defendants argue that Plaintiffs have not proven several of these elements, including the existence of a contract. Also, Defendants argue that Plaintiffs have not shown any evidence that the Twenty Officer Defendants intended for any third party to breach a contract with Phat's. The Court agrees.

Plaintiffs claim that the liquor license constituted a contract between Phat's and the state, which the state somehow breached when Plaintiffs voluntarily surrendered their liquor license. Under Kentucky law, "holders of liquor licenses . . . have been bestowed no contract or property

7

rights." *Lexington Retail Beverage Dealers Ass'n v. Dep't of Alcoholic Beverage Control Bd.*, 303 S.W.2d 268, 270 (Ky. 1957). Therefore, legally, Plaintiffs fail the first four prongs of the tortious interference with business relations claim. Moreover, Plaintiffs have cited no evidence to show that Twenty Officer Defendants intended to interfere with the continuation of Phat's liquor licensing. Accordingly, Defendants' motion for summary judgment as to this claim must also be granted.

IV.

This Court has now issued five opinions in three weeks concerning this case. In sum, the claims that remain before the Court are:

(1) Williams, Jr.'s claims for state and federal malicious prosecution against Defendant Officer Kevin Smith.

(2) Williams, Jr. and Williams, Sr.'s claims for federal malicious prosecution against Defendant Louisville Jefferson County Metro Government arising from an alleged established custom of harassing Phat's Bar & Grill out of business.

Based upon previous rulings, Plaintiff Phat's Bar & Grill's claims have all been dismissed previously in this action.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant J.T. Duncan's Motion for Summary Judgment is SUSTAINED, and all claims against J.T. Duncan are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants, Twenty Officers' Motion for Summary Judgment is SUSTAINED, and all claims against the Twenty Officers are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff Phat's Bar & Grill is DISMISSED from this action.

cc: Counsel of Record